SAMUEL H. GREY, attorney-general,

60   153
| 61   266
s62   769
s62   772
s62   773

*v.*

THE GREENVILLE AND HUDSON RAILROAD COMPANY.

SAMUEL H. GREY, attorney-general,

*v.*

THE GREENVILLE AND HUDSON RAILROAD COMPANY and THE JERSEY CITY BELT LINE RAILROAD COMPANY.

[Filed May 31st, 1900.]

1. Defendant will not be attached for contempt in laying its tracks across a certain street in violation of an injunction, when it sets up by affidavit that another company has lawfully built and owns such tracks, since such question should be determined on formal issues in a proceeding in which such other road is a party, and not in summary contempt proceeding.

2. *Gen Stat. p. 2660 ¶ 83* permits a railroad company to construct a line between terminal points named in the articles on the route filed in the secretary of state's office. *Gen. Stat. p. 2654 ¶ 61* forbids the taking by condemnation of any located route of any railroad except to cross its route, provided that a railroad may be located on the surveyed route of another railroad with its consent. Defendant was enjoined from laying its track over a certain route, but another company constructed a line on the same route, with defendant's consent.—*Held*, that these statutes did not authorize the existence of two railroad companies on the same located route, and, defendant having lost its right to occupy the route in question by consenting to its use by the other road, the injunction against it should not be dissolved.

3. On an application by the attorney-general to restrain a railroad company from the excessive use of power in laying out its track, it is not necessary to prove that injury to the public results from the infringement.

4. General Railroad law § 11, as amended by *P. L. of 1891 pp. 129, 132*, provides that a railroad company may, from time to time, either before or after completion of the main line, construct branches, and requires a deposit for each mile to be constructed, and fixes the time within which the branch must be commenced and finished after filing a survey.—*Held*, under these statutes, that a survey for a branch of a railroad need not be made and filed with the survey of the main line.

5. In the absence of a showing that interference with public travel will result from the construction of a railroad, a preliminary injunction restraining such construction will not be granted on *ex parte* affidavits, where the answer shows facts entitling defendant to build such road.

On information and supplemental information.

*Mr. Lindley M. Garrison,* for the attorney-general.

*Mr. Charles L. Corbin* and *Mr. Robert H. McCarter,* for the defendants.

EMERY, V. C.

An order has been made, by consent, consolidating these causes and bringing on together the hearing of three motions made in the causes, as if the motions had been made on a supplemental information against both defendants, with leave to mould the pleadings before entry of orders or decrees.

The motions are—*first,* an application to attach the Greenville and Hudson company for contempt for the alleged violation of an injunction or restraining order, dated April 21st, 1900, and which was issued in the first cause before the filing of the answer of that company, to the supplemental information in the cause; *second,* a motion by the Greenville and Hudson company, upon their answer to the supplemental information, to dissolve this injunction directed on the supplemental information; and *third,* a motion by the attorney-general, in the second cause, for a preliminary injunction against both railroad companies to enjoin, pending final hearing, the construction of a railroad by either of them across Chapel avenue, a public highway within the limits of Jersey City. The opinion advising the issuing of a preliminary injunction against the construction of a railroad across the avenue by the Greenville and Hudson road gives the substantial facts relating to the situation up to that time, and I will now only state briefly the conclusions I reach upon the motions.

*First.* The motion to attach for contempt must be continued over until the final hearing of the cause. In these proceedings

the allegation on the part of the attorney-general is that the Greenville and Hudson road has, since the restraining order, built its branch road across the avenue, in violation of the order. The Greenville and Hudson road, by affidavits, denies that it has built the road across the avenue, and alleges that the belt line road has built and owns the road, and has a lawful right to build it. Whether the belt line has, in fact, built the road, and has the right to build it, is an issue raised on the information subsequently filed against both companies, and it is a question which must be decided in that suit on proofs formally taken in a cause to which both companies are parties. It appears, therefore, that the question of the building of the railroad across the avenue, subsequent to the order, although it may, if built by the Greenville and Hudson, involve a contempt of the order of the court, is a question which should be decided upon formal issues and proofs rather than on summary proceedings for contempt. If built in violation of the order of the court, the removal of the road would be necessary in order to punish or to clear the contempt, and the belt line company, which is alleged by both companies to have built the road and to be in possession of it, is manifestly entitled to be heard, before any such action is taken, where the claim is apparently made in good faith. This motion will, therefore, stand over, with leave to renew at final hearing upon the proofs then taken.

*Second.* The motion to dissolve the injunction directed to be issued against the Greenville and Hudson company, upon the answer filed to the supplemental information, must be denied. In its answer to the original information this company set up a location of its route on the route of the belt line company, at the place in question, made with the consent of the belt line, and declared its intention to construct on that location. After this answer to the original information, the order restraining the Greenville and Hudson from building its so-called branch across the avenue was advised upon the supplemental information. A railroad was subsequently constructed across the avenue, and, as is claimed by the Greenville and Hudson company's affidavits in answer to the contempt proceedings, and by its answer in the suit against both companies, this road was constructed by the

belt line on its own location. This location on the avenue at the crossing of the highway is the same location on which the belt line had previously consented that the Greenville and Hudson might construct its branch line. In the answer to the supplemental information against it alone, upon which answer it now moves to dissolve, the Greenville and Hudson still sets up and claims the right to construct its road across the avenue, up in the answer to the original information, which is made part of the supplemental answer by reference. In my judgment two railroads cannot be constructed on the same route, under this consent clause of the General Railroad law, and the actual construction by one road, with the consent of the other, will, in my judgment, determine the rights of location and construction as to both at the place where their routes coincide.

The authority given by the eleventh section of the General Railroad law (*Gen. Stat. p. 2660 ¶ 83*) to railroad companies incorporated under it, to construct a railroad between the terminal points named in its articles upon the route filed in the secretary of state's office, gives an authority, as against the state, to construct the railroad (not exceeding one hundred feet in width, unless required for cuts or embankments) across the public highways on the route as located. The survey and location of a route, and the filing thereof, gives a right of location and construction which is prior to, and exclusive of, all other locations and construction. *Morris and Essex Railroad Co. v. Blair, 1 Stock. 635 (Errors and Appeals, 1854).* This principle has never since been questioned.

The thirty-sixth section (*Gen. Stat. p. 2654 ¶ 61*), forbids the taking, using or occupying by condemnation by any company formed under the act, of the located route of any railroad except for the purpose of crossing the route, with the proviso that a railroad may be located or constructed on the surveyed route of any other railroad with its consent, and not otherwise.

This provision cannot be construed, either as against the state or landowners on the located route, to authorize the actual construction and existence of two railroads on the same located route, for such power of imposing additional burdens upon the highways or private lands, after a railroad has once been con-

structed, cannot be inferred by implication. When a railroad, before the construction of its own road, has given its consent to the location and construction of another road upon its located route, the latter company has the statutory right to locate and construct its road on the prior location, and the construction of both roads on the same location not being authorized, it might by actual construction lawfully appropriate the route.

But this consent of the two railroads as between each other being something with which the state has no concern, so long as only one railroad is constructed on the same located route across its highways, it may be released, abandoned and rescinded by the subsequent act or consent of the two railroads. *Coe* v. *New Jersey Midland Railway Co., 4 Stew. Eq., 105, 147 (Chancellor Runyon, 1879).*

In the present instance, the Greenville and Hudson, after securing the consent of the belt line company to construct its road on the located route of the latter (across Chapel avenue), has consented to, if it has not actually procured or assisted in procuring, the construction of the road of the belt line road on the location. This, as it seems to me, is, so far as the permission of the state has been given to the construction of one railroad on the located route of another, an abandonment of this privilege of construction by consent. The Greenville and Hudson has no power by statute to construct its road over the route of any railroad which has actually constructed its road, for the statute allowing one road to construct on the located route of another does not extend to its location or construction on a railroad already built on the location by the road having the prior right. The Greenville and Hudson road, therefore, by this subsequent construction of the branch of the belt line road on the original location thereof, and its own consent thereto, has lost any right which it might have had to cross this highway, in the construction of its own branch upon the route of the belt line road. The motion to dissolve must therefore be denied.

The *third* question arises on the application for a preliminary injunction upon the information filed against both companies to restrain them from the construction of their respective branch roads across Chapel avenue, either separately or jointly. As to

the Greenville and Hudson company, the injunction must be granted for the reason above stated, viz., that its right to construct a branch road across the avenue upon the location of the belt line branch has been lost by its consent to the actual construction on this location by the belt line company of the railroad of the latter company. Having, in my judgment, thus lost, as against the state, any right of construction of its branch, across the highway, an injunction must issue against this excessive use of power, without regard to the question of actual damage. Upon this point I have nothing to add to the reasons given in my first opinion directing a preliminary injunction, except that since that opinion, and in a later English case (*Attorney-General* v. *London and Northwestern Railway Co., 1 Q. B. 78 (1900)*), the court of appeal has affirmed the rule that on applications by the attorney-general to restrain a public company from the excessive use of power, it is not necessary to prove that injury to the public results from the infringement.

The application for a preliminary injunction to restrain the belt line company from constructing its branch road across the avenue must be denied. Two grounds for injunction were insisted upon at the argument, and were fully argued by counsel on both sides. *First.* That under the General Railroad law (section 11), there is no right in any railroad to construct branches unless the branches are located at the time of the filing of the route and survey of the main line. By the eleventh section, as originally enacted (*Rev. Stat. p 927*), a company incorporated under it, after the survey of its route and the location of "other works, buildings, conveniences, appurtenances and appendages" had been filed, was authorized

"to construct, &c., * * * a railroad * * * between the points named in the articles of association * * * and construct, maintain and operate branches from the main line within the limits of any county through which said road may pass."

Under this power to construct branches, there might be a question as to whether the branches to be constructed should not be located at the time of filing the survey and location of the main line, especially in view of the fact that the second section of the

original act, as amended in 1879 (*Sup. Rev. p. 825*), required a deposit with the articles of $2,000 for every mile of road proposed to be built, and there was no special provision authorizing a subsequent deposit for branches constructed or proposed to be constructed. But the amendatory act of March 10th, 1891 (*P. L. of 1891 p. 129*), amends section eleven, and after setting out the entire section as then existing (a portion of the act omitted in *Gen. Stat. p. 2660*), the amendment changes the original section as to the power to construct branches, by expressly providing (1) that the company may "from time to time," either before or after completion of the main line, construct branches," &c., and (2) (*P. L. of 1891 p. 132*) by providing that the survey of the route of any branch shall not be filed until a deposit of $2,000 per mile, &c., shall be made, and (3) that all such branches shall be commenced within six months from the date of filing the survey thereof, and completed within two years from the date of commencement. This amendment, in my judgment, authorizes the construction of the branch by a separate survey filed after the survey of the main line, and the objection that the survey was not made and filed with the survey of the main line, is not well founded. The second objection made is one of fact, viz., that the road called a branch is not in fact a branch road of the belt line, within the meaning of the Railroad laws. The solution of a question of this character depends manifestly upon the particular circumstances of each case, and where the answer, as here, claims in good faith that the road is a branch which it is entitled to build and shows facts which fairly entitle it to be heard upon this claim, a situation exists which entitled the company to a full hearing, and the question should not be decided adversely to the company upon *ex parte* affidavits. Whether the construction should be enjoined pending the hearing upon the facts depends largely, if not altogether, upon the character of the interference with public travel pending the hearing, and the necessity of preventing this by preliminary injunction. No such necessity appears to exist in the case, and the preliminary injunction against the belt line company should not be allowed.

The case being one where the Greenville and Hudson company

is entitled to a speedy review of the legal questions decided, the order for injunction against it will be granted on condition that if it appeals from the order, the attorney-general, if so requested by appellant, shall file his answer to the petition of appeal within five days after service thereof, and accept notice of argument at the next term of the court of errors and appeals.